IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] ROBERT CRESPO ZAMORA,<br>[2] CARMEN J. PAGAN DOMINGUEZ,<br>Defendants | INDICTMENT<br><br>CRIMINAL NO. 20-315 (FAB)<br><br>18 U.S.C. 1347 (Health Care Fraud),<br>18 U.S.C. 1028A (Aggravated Identity Theft),<br>18 U.S.C. 1349 (Conspiracy),<br>18 U.S.C. 1518 (Obstructing Health Care Fraud Investigation),<br>18 U.S.C. 1341 (Mail Fraud)<br><br>(56 Counts and Forfeiture Allegations) |

**THE GRAND JURY CHARGES:**

## GENERAL ALLEGATIONS

At all times material to this Indictment and within the District of Puerto Rico:

The Medicare Program ("Medicare") is a federal program that provides medical insurance for covered services to any person 65 years or older, to certain disabled persons, and to individuals with chronic renal disease who elected coverage under the program. Medicare is a health care benefit program, as the term is defined in Title 18, United States Code, Section 24.

The Medicare program was divided into different parts. "Part A" covers health services provided by hospitals, skilled nursing facilities, hospices and home health agencies. "Part B" covers, among other things, certain physician services, outpatient services, and other services, including face to face office visit. "Part C", referred to as Medicare Advantage (MA), provides beneficiaries with all of the services provided under Parts A and B (except hospice care), in addition to mandatory supplemental benefits and optional supplemental benefits.

Cardiovascular Prophylaxis and Evolution, Inc. ("CPE") was a corporation organized under the laws of the Commonwealth of Puerto Rico and registered as Physiological Laboratory

Indictment
*United States v. Robert Crespo Zamora, et al.*
Page 2

under the National Plan and Provider Enumeration System to provide and bill for health care services.

CPE was located in Carolina, Puerto Rico and provided non-invasive cardiovascular testing services to Medicare patients mainly residing in nursing homes and elder care facilities through the Commonwealth of Puerto Rico.

A National Provider Identifier (NPI) is a unique 10-digit identification number issued to health care providers in the United States by the Centers for Medicare and Medicaid Services (CMS). An NPI was issued to a physician that is referred in this indictment by his initials: "RV."

Defendant [1] ROBERT CRESPO ZAMORA was CPE's President and the Cardiovascular Technician who conducted the non-invasive cardiovascular testing on Medicare patients. Defendant [2] CARMEN J. PAGAN DOMINGUEZ, CRESPO's wife, submitted claims to Medicare on behalf of CPE and assisted [1] ROBERT CRESPO ZAMORA with the non-invasive cardiovascular testing conducted on Medicare patients.

## COUNTS ONE THROUGH TWENTY-FIVE
### Health Care Fraud
### Title 18, United States Code, Sections 1347 and 2

The General Allegations of this indictment are realleged and incorporated by reference as through fully set forth herein. From in or about January 2020 and continuing through in or about September 2020, in the District of Puerto Rico and elsewhere, the defendants,

**[1] ROBERT CRESPO ZAMORA, and**
**[2] CARMEN J. PAGAN DOMINGUEZ,**

aiding and abetting each other, did knowingly and willfully execute a scheme to defraud and obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of a health care benefit program, as defined in Title 18, United States Code, Section 24, that is, Medicare, in connection with the delivery of

and payment for health care benefits, items and services, in violation of Title 18, <u>United States Code</u>, Section 1347.

## THE SCHEME TO DEFRAUD

Defendants caused CPE to submit claims for non-invasive cardiovascular testing services that were allegedly medically necessary, when, in fact, the testing services provided to Medicare beneficiaries were not medically necessary as indicated on the claims.

Defendants also caused CPE to submit claims for non-invasive cardiovascular testing services that were allegedly completed, when, in fact, these testing results were never interpreted by a cardiologist, a licensed physician or other qualified health care provider.

Defendant [1] ROBERT CRESPO ZAMORA and Defendant [2] CARMEN PAGAN DOMINGUEZ visited nursing homes and elder care facilities and performed medically unnecessary non-invasive cardiovascular testing on Medicare patients. [2] CARMEN PAGAN DOMINGUEZ subsequently prepared and submitted the false and fraudulent claims to Medicare on behalf of CPE.

Defendant [1] ROBERT CRESPO ZAMORA provided Medicare patients with non-invasive cardiovascular testing results allegedly interpreted by a cardiologist, when in fact, the results were interpreted by CRESPO who was not a licensed physician.

From in or about January 2020 and continuing through in or about June 2020, defendants [1] ROBERT CRESPO ZAMORA and [2] CARMEN PAGAN DOMINGUEZ aided and abetted each other and caused the submission of at least three hundred (300) false and fraudulent claims in the amount of approximately FOUR HUNDRED THIRTY-NINE THOUSAND EIGHT HUNDRED NINETY DOLLARS ($439,890.00) to Medicare for which CPE received approximately TWO HUNDRED FORTY-NINE THOUSAND TWO HUNDRED

SEVENTY-TWO DOLLARS ($249,272.00) through which defendants [1] ROBERT CRESPO ZAMORA and [2] CARMEN PAGAN DOMINGUEZ unjustly enriched themselves.

On the dates listed below, defendants caused CPE to file the following claims for non-invasive cardiovascular testing purportedly performed to Medicare whose initials appear below, when in reality, defendants well knew said testing services were not medically necessary and the testing results were never interpreted by a cardiologist, licensed physician or other qualified health care provider as indicated on the claims:

| Count | Service Date | Claim Number | Beneficiary Initials | Referring Physician Initials |
|---|---|---|---|---|
| 1 | 01/29/2020 | 20037E029409 | MJ | RV |
| 2 | 01/23/2020 | 20031E034553 | WC | RV |
| 3 | 01/16/2020 | 20037E029142 | CF | RV |
| 4 | 01/29/2020 | 20037E029154 | IB | RV |
| 5 | 01/29/2020 | 20037E029390 | CR | RV |
| 6 | 01/29/2020 | 20037E029185 | JA | RV |
| 7 | 01/16/2020 | 20037E029327 | PP | RV |
| 8 | 01/16/2020 | 20037E029375 | RM | RV |
| 9 | 01/30/2020 | 20037E029103 | MR | RV |
| 10 | 01/10/2020 | 20031E034122 | DT | RV |
| 11 | 01/10/2020 | 20031E034357 | DH | RV |
| 12 | 01/22/2020 | 20029E000944 | BP | RV |
| 13 | 01/16/2020 | 20021E033296 | AC | RV |
| 14 | 01/10/2020 | 20031E034255 | RC | RV |
| 15 | 01/10/2020 | 20031E034235 | CT | RV |
| 16 | 01/10/2020 | 20015E025887 | BT | RV |
| 17 | 01/10/2020 | 20015E025885 | JS | RV |
| 18 | 01/10/2020 | 20015E025927 | OR | RV |
| 19 | 01/10/2020 | 20015E025845 | IG | RV |
| 20 | 01/22/2020 | 20029E000939 | MR | RV |
| 21 | 01/13/2020 | 20021E032834 | FR | RV |
| 22 | 01/14/2020 | 20024E025906 | EA | RV |
| 23 | 01/15/2020 | 20024E025882 | ID | RV |
| 24 | 01/10/2020 | 20031E034263 | HR | RV |
| 25 | 01/10/2020 | 20031E034418 | PL | RV |

Each claim listed above is a separate and distinct violation of Title 18, United States Code, Section 1347 and 2.

## COUNTS TWENTY-SIX THROUGH FIFTY
### Aggravated Identity Theft
### Title 18, United States Code, Sections 1028A and 2

The General Allegations and Counts 1 to 25 are hereby realleged and incorporated by reference. On or about the dates listed below, in the District of Puerto Rico, and elsewhere, the defendants,

[1] **ROBERT CRESPO ZAMORA**, and
[2] **CARMEN J. PAGAN DOMINGUEZ**,

aiding and abetting each other, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, that is, the names of the patients whose initials appear below and the name and National Provider Identification (NPI) number of a physician whose initials are "RV", in relation to fraudulent claims submitted by CPE to Medicare, during and in relation to health care fraud, a felony violation enumerated in Title 18, United States Code, Section 1347:

| Count | Service Date | Claim Number | Beneficiary Initials | Referring Physician Initials |
|-------|--------------|--------------|----------------------|------------------------------|
| 26 | 01/29/2020 | 20037E029409 | MJ | RV |
| 27 | 01/23/2020 | 20031E034553 | WC | RV |
| 28 | 01/16/2020 | 20037E029142 | CF | RV |
| 29 | 01/29/2020 | 20037E029154 | IB | RV |
| 30 | 01/29/2020 | 20037E029390 | CR | RV |
| 31 | 01/29/2020 | 20037E029185 | JA | RV |
| 32 | 01/16/2020 | 20037E029327 | PP | RV |
| 33 | 01/16/2020 | 20037E029375 | RM | RV |
| 34 | 01/30/2020 | 20037E029103 | MR | RV |
| 35 | 01/10/2020 | 20031E034122 | DT | RV |
| 36 | 01/10/2020 | 20031E034357 | DH | RV |
| 37 | 01/22/2020 | 20029E000944 | BP | RV |
| 38 | 01/16/2020 | 20021E033296 | AC | RV |
| 39 | 01/10/2020 | 20031E034255 | RC | RV |
| 40 | 01/10/2020 | 20031E034235 | CT | RV |
| 41 | 01/10/2020 | 20015E025887 | BT | RV |
| 42 | 01/10/2020 | 20015E025885 | JS | RV |
| 43 | 01/10/2020 | 20015E025927 | OR | RV |
| 44 | 01/10/2020 | 20015E025845 | IG | RV |

Indictment
*United States v. Robert Crespo Zamora, et al.*
Page 6

| 45 | 01/22/2020 | 20029E000939 | MR | RV |
|----|------------|--------------|----|----|
| 46 | 01/13/2020 | 20021E032834 | FR | RV |
| 47 | 01/14/2020 | 20024E025906 | EA | RV |
| 48 | 01/15/2020 | 20024E025882 | ID | RV |
| 49 | 01/10/2020 | 20031E034263 | HR | RV |
| 50 | 01/10/2020 | 20031E034418 | PL | RV |

Each claim listed above is a separate and distinct violation of Title 18, United States Code, Sections 1028A and 2.

### COUNT FIFTY-ONE
### Conspiracy to Commit Health Care Fraud
### Title 18, United States Code, Section 1349

The General Allegations of this Indictment as well as the Scheme to Defraud alleged in Counts One through Twenty-Five are realleged and incorporated by reference as though fully set forth herein. From on or about January 2020, to in or about September 2020, in the District of Puerto Rico, and elsewhere, the defendants,

**[1] ROBERT CRESPO ZAMORA, and**
**[2] CARMEN J. PAGAN DOMINGUEZ,**

knowingly and willfully conspired to commit an offense against the United States, namely, health care fraud, in violation of Title 18, United States Code, Section 1347; all in violation of Title 18, United States Code, Section 1349.

### COUNTS FIFTY-TWO THROUGH FIFTY-FIVE
### Obstruction of Criminal Investigations of Health Care Offenses
### Title 18, United States Code, Section 1518

The General Allegations of this Indictment are realleged and incorporated by reference as though fully set forth herein. On each of the dates listed below, in the District of Puerto Rico, and elsewhere, the defendant,

**[1] ROBERT CRESPO ZAMORA,**

did willfully attempt to prevent, obstruct, mislead and delay the communication of information and records relating to a violation of a Federal health care offense, that is, health care fraud, a violation of Title 18, United States Code, Section 1347, that is, defendant provided false medical orders to Special Agents from the United States Department of Health and Human Services Office of Inspector General pursuant to a subpoena served to the Defendant to produce medical documentation to substantiate the non-invasive cardiovascular testing services billed to Medicare:

| Count | Date | Number of false medical orders provided by Defendant |
|---|---|---|
| 52 | August 19, 2020 | 18 false medical orders |
| 53 | August 24, 2020 | 45 false medical orders |
| 54 | August 28, 2020 | 52 false medical orders |
| 55 | September 4, 2020 | 86 false medical orders |

Each group of false documents produced on a specific date listed above is a separate and distinct violation of Title 18, United States Code, Section 1518.

### COUNT FIFTY-SIX
### Mail Fraud Conspiracy
### Title 18, United States Code, Section 1349

The General Allegations of this Indictment as well as the Scheme to Defraud alleged in Counts One through Twenty-Five are realleged and incorporated by reference as though fully set forth herein. From on or about January 2020, to in or about July 2020, in the District of Puerto Rico, and elsewhere, the defendants,

**[1] ROBERT CRESPO ZAMORA, and**
**[2] CARMEN J. PAGAN DOMINGUEZ,**

knowingly and willfully did conspire with each other to commit mail fraud, that is, with the intent to defraud, devised and executed the above-described scheme and artifice to defraud, and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, and

Indictment
*United States v. Robert Crespo Zamora, et al.*
Page 8

knowingly caused Medicare checks to be placed in an authorized depository for mail delivered by the United States Postal Service for the payment of medically unnecessary claims for services by CPE, in violation of Title 18, United States Code, Section 1341; all in violation of Title 18, United States Code, Section 1346.

## FORFEITURE ALLEGATIONS

Upon conviction of one or more of the offenses alleged in Counts One (1) through Twenty-Five (25) and Fifty (51) of this Indictment, Defendants

**[1] ROBERT CRESPO ZAMORA, and
[2] CARMEN J. PAGAN DOMINGUEZ**

the defendant herein, shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations, including but not limited to the following:

1.   PROCEEDS

A sum of money equal to **TWO HUNDRED FORTY-NINE THOUSAND TWO HUNDRED SEVENTY-TWO DOLLARS ($249,272.00)** in United States currency, representing the amount of proceeds obtained as a result of the offense, namely: 1) Healthcare Fraud in violation of Title 18, United States Code, Section 1347, for which the defendant is liable.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred or sold to, or deposited with, a third party;

Indictment
*United States v. Robert Crespo Zamora, et al.*
Page 9

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 8563(p) as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above. All in accordance with Title 18, United States Code, Section 982(b), Title 28, United States Code, Section 2461(c), and Federal Rules of Criminal Procedure Rule 32.2.

W. STEPHEN MULDROW
United States Attorney

Seth A. Erbe
Assistant U.S. Attorney
Chief, Financial Fraud and Public Corruption Section

José A. Ruiz-Santiago
Assistant U.S. Attorney

TRUE BILL

FOREPERSON
September 24, 2020